UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JIMMY EARL DOWNS, ) <br> ) <br>      Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DAVID GRUSMAN, *et al.*, ) <br> ) <br>      Defendants. ) <br> / | 2:07-cv-0116-JCM-LRL <br><br> **ORDER** |

     Presently before the court is defendants David Grusman, Harold Wickman, Glen Whorten, and The State of Nevada's motion to dismiss, or in the alternative, motion for summary judgment. (Doc. #65). Pro se plaintiff Jimmy Earl Downs filed an opposition and cross motion for summary judgment. (Doc. #71 and #72). Defendants filed an opposition to plaintiff's motion for summary judgment. (Doc. #78). Plaintiff filed a reply. (Doc. # 81).

     Plaintiff's amended complaint (doc. # 49) stems from the alleged wrongful placement of plaintiff in administrative segregation while he was incarcerated at Southern Desert Correctional Center. Plaintiff was placed in segregation for allegedly doing legal work for hire without being designated at a law clerk. In the complaint, plaintiff alleges that the findings from the disciplinary hearing were unsupported, as the hearing officer did not determine the reliability of the confidential informant. Plaintiff was found guilty after a hearing, yet the disciplinary conviction was later invalidated on appeal.

In the amended complaint (doc. #49), plaintiff asserts claims for relief for (1) unlawful seizure and detention (4th Amendment), (2) unlawful and false imprisonment, (3) making false charge, (4) denial of right to fair tribunal and due process, (5) intentional infliction of emotional distress, (6) retaliation for exercise of First Amendment right, and (7) conspiracy to violate civil rights.

In the present motion to dismiss (doc. #65), defendants assert that the amended complaint fails to state a claim upon which relief can be granted, and that defendants are entitled to immunity in their official and individual capacity. Further, defendants assert that since the plaintiff fails to demonstrate the genuineness of material fact regarding his placement in administrative segregation, that they are entitled to summary judgment as a matter of law.

Under 42 U.S.C. § 1997e (c);

> (1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.
>
> (2) In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

Further, Federal Rule of Civil Procedure 12(b)(6) provides that dismissal of a complaint is appropriate when the complaint fails to "state a claim upon which relief can be granted." Evidence outside the pleadings should not be considered in ruling on a motion to dismiss under this rule. *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 925 (9th Cir. 2001). However, if matters outside the pleadings are presented to the court, the motion to dismiss must be treated as one for summary judgment under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d).

Here, the defendants are seeking a summary judgment in the alternative to the motion to dismiss. Summary judgment is appropriate when, viewing the facts in the light most

1  favorable to the nonmoving party, there is no genuine issue of material fact which would
2  preclude summary judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir.
3  1996). The moving party bears the burden of informing the court of the basis for its motion,
4  together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex*
5  *Corp.v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has satisfied its burden, it
6  is entitled to summary judgment if the non-moving party fails to present, by affidavits,
7  depositions, answer to interrogatories, or admissions on file, "specific facts showing that there
8  is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ.
9  P. 56(c).

10    However, for a court to grant summary judgment, any documents presented to the court
11  must be properly authenticated. The court in *Orr v. Bank of America NT & SA,* 285  F.3d 764
12  (9th Cir. 2002), held as follows:

> A trial court can only consider admissible evidence in ruling on a motion for summary judgment. *See* Fed. R. Civ. P. 56(e)*; Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179,1181 (9th Cir. 1988)*.* Authentication is a "condition precedent" to admissibility, and this condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Civ. P. 901(a)*.* We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment. *See Cristobol v. Siegel,* 26 F.3d 1488, 1494 (9th Cir. 1994)*; Hal Roach Studios, Inc. v. Richard Feiner & Co. Inc.,* 896 F2d 1542, 1550–51 (9th Cir. 1987)*; Beyene,* 854 F.2d at 1182*; Canada v. Blain's Helicopters, Inc.,* 831 F.2d  920, 925 (9th Cir. 1987)*; Hamilton v. Keystone Tankship Corp.,* 539 F.2d 684, 686 (9th Cir. 1976).

20  **Plaintiff's § 1983 Action**

21    Defendants assert that plaintiff's claims under § 1983 are not cognizable, and that claims
22  for relief for (1) unlawful detention, (2) false imprisonment, (3) making false charges, and (4)
23  denial of right to tribunal and due process must be dismissed.

24    Under 42 U.S.C. § 1983, "[e]very person who...subjects, or causes to be subjected, any
25  citizen of the United States or other person within the jurisdiction thereof to the deprivation of
26  any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity..." However, the court in *Edwards v. Balisok,* 520 U.S. 641 (1997) quoted *Heck v. Humphrey*, 512 U.S. 477 (1994), when it stated that "this [c]ourt held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, **unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.**" (Internal quotations omitted)(emphasis added).

Here, plaintiff is alleging a deprivation of rights and/or privileges because he was placed in segregation after no evidence was presented at his disciplinary hearing to support a finding of guilt. As stated above, the plaintiff's disciplinary conviction was invalidated at the appeal when it was determined that the confidential informant was unreliable. Therefore, with a previously invalidated conviction, the court need not be concerned with if "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." Thus, claims for damages under § 1983 are cognizable, and dismissing them on these grounds is not appropriate.

**Due Process**

A due process claim is "only cognizable if there is a recognized liberty or property interest at stake." *Shroeder v. McDonald,* 55 F.3d 454, 462 (9th Cir. 1995). In determining this, the court examines (1) whether a constitutionally protected liberty interest exists, and if so (2) what process is due. *Neal v. Shimoda,* 131 F.3d 818, 827 (9th Cir. 1997). However, as the court in *Brunsworth v. Gunderson,* 179 F.3d 771, 775 (9th Cir. 1999) held, "[a] plaintiff's due process rights are violated even if plaintiff has demonstrated no liberty interest[]" if a prison disciplinary board convicts him with "no shred of evidence of the inmate's guilt."

Here, plaintiff asserts that there was no evidence against him, and that the "so-called reliable information [that led to the charge] was deemed <u>unreliable</u> on appeal." (Internal quotations omitted)(emphasis supplied). Plaintiff asserts that he knew the identity of the

informant, that the supposed informant will testify that he never made such accusations, and that defendants fabricated the information in order to stop him from assisting with legal work. Further, he asserts that the defendants have produced nothing to support the assertion that a "shred of evidence" actually existed.

In the opposition to plaintiff's motion for summary judgment (doc. #78), defendants assert that "at least *some* evidence [existed] to indicate [p]laintiff Down's guilt." (emphasis supplied). They rely on the fact that at the initial hearing "[d]efendant Wickham deemed reliable information given by a confidential informant."

Plaintiff provided the court with unauthenticated documents to support his position, which state that plaintiff was convicted "without benefit of CI corroboration" (Exhibit A-doc. #71) and that the conviction was overturned and dismissed for lack of evidence based on Lt. Halstead's "finding" that "the first hearing didn't present what/why they found him guilty" (Exhibit B-Doc. #71).

However, the court is unable to ascertain if the information was in fact fabricated or not, due to the lack of authenticated evidence presented to the court by way of affidavit or otherwise. *Orr v. Bank of America NT & SA,* 285 F.3d 764 (9th Cir. 2002). Therefore, summary judgment is not appropriate, and the court is not inclined to make a ruling on the issue regarding whether a "shred of evidence" existed. Thus, a discussion as to if the plaintiff has demonstrated a liberty interest would be superfluous at this time.

**First Amendment Retaliation**

To allege retaliation, "[the] prisoner [...] must allege that he was retaliated against for exercising his constitutional rights[.]" *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir. 1994). The prisoner asserting this claim for relief bears the initial burden of establishing "the prison authorities retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals. *Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir. 1995).

Defendants assert in their motion to dismiss (doc. #65) that plaintiff "does not have a constitutional right to do legal work for hire," and that "[a]s such, [p]laintiff's Notice of Charges and placement in administrative segregation were not based on retaliation." However, as the plaintiff asserts, his conviction for doing work for hire was reversed, and he was never found to have charged for legal assistance. Thus, defendants' argument fails.

With regards to the "advance[ment] [of] legitimate goals of the correctional institution," defendants assert that the prison officials have a legitimate safety concern when those who charge others for legal work do not obtain the results the litigant desires. Defendants assert that any retaliation that occurred merely furthered these goals. However, *if* it is determined that the defendants fabricated the accusations, the initial charges and hearing were unlawful and done in retaliation. If that is the case, the argument for furthering "legitimate goals" would fail. Therefore, dismissal or summary judgment is not warranted until such a determination can be made.

**Conspiracy**

To assert a claim for relief for conspiracy, a pro se litigant must show some factual basis to substantiate his conclusion that defendants conspired together to deprive him of his constitutionally protected interests. *Gillespie v. Civiletti,* 629 F.2d 637, 641 (9th Cir. 1980). Defendants assert that the plaintiff "does not produce any evidence of an agreement, but merely alleges in a conclusory fashion that all [d]efendants conspired with one another and acted in concert."

Plaintiff asserts, to the contrary, that he has "documentary evidence to support his conspiracy charge as to all named defendants." The documentation the plaintiff is referring to, are the defendants' answers to requests for admissions (Exhibit A- doc. #81) and responses to interrogatories (Exhibit B- doc. #81). Within these documents, the officers admit to speaking with one another regarding the plaintiff's hearing prior to the hearing. Plaintiff asserts that this evidences a "meeting of the minds" sufficient to support a claim of relief for conspiracy.

1  However, once again, these documents are not properly authenticated under *Orr v. Bank of America NT & SA,* 285 F.3d 764 (9th Cir. 2002), and cannot be considered in the motion for summary judgment.

Further, dismissing this claim under Fed. R. Civ. P 12(b)(6) is not appropriate due to the alleged factual basis with which the plaintiff supports his conspiracy claim.

**Defendants Assert the State Law Claims Should Be Dismissed**

The defendants are correct in stating that a federal court has the discretion to dismiss state law claims in cases where is it has dismissed all federal claims. 28 U.S.C. § 1367(c)(3). However, as this court has not dismissed the federal claims, the plaintiff's state claims for intentional infliction of emotional distress and false imprisonment survive.

**Qualified Immunity**

Defendants assert that state employees acting in their official capacity are immune from § 1983 claims "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Spoklie v. Montana,* 411 F.3d 1051, 1060 (9th Cir. 2005). In determining this immunity, the court first determines whether the official's conduct violated a constitutional right "based upon the facts taken in the light most favorable to the party asserting the inquiry[.]" *Johnson v. County of Los Angeles,* 340 F.3d 787, 791 (9th Cir. 2003).

In the opposition to the motion for summary judgment (doc. #78), the defendants assert that "plaintiff has failed to make out a violation of a constitutional right," and that defendants are "entitled to qualified immunity."

However, in light of the court's ruling not to dismiss the plaintiff's constitutional rights claims, the court is not inclined to agree with the defendants that qualified immunity applies at this time.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendants David

Grusman, Harold Wickman, Glen Whorten, and The State of Nevada's motion to dismiss, or in the alternative, motion for summary judgment (doc. #65) be, and the same hereby are, DENIED.

IT IS FURTHER ORDERED that plaintiff Jimmy Earl Downs cross-motion for summary judgment (doc. #71 and #72) be, and the same hereby is, DENIED.

Dated this 27th day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE