# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JIMMY EARL DOWNS,<br><br>          Plaintiff,<br><br>vs.<br><br>DAVID GRUSMAN, *et al.*,<br><br>          Defendants. | 2:07-cv-0116-JCM-LRL<br><br>**ORDER** |

Presently before the court is plaintiff Jimmy Earl Downs' motion for reconsideration. (Doc. #83). Defendants David Grusman, Harold Wickham, Glen Whorten, and the State of Nevada filed an opposition (doc. #84), and plaintiff filed a reply (doc. #85).

Plaintiff's amended complaint (doc. #49) stems from the alleged wrongful placement of plaintiff in administrative segregation while he was incarcerated at Southern Desert Correctional Center. Plaintiff was placed in segregation for allegedly doing legal work for hire without being designated as a law clerk. Plaintiff was found guilty after a hearing, yet the disciplinary conviction was later invalidated on appeal. In the complaint, plaintiff alleges that the findings from the disciplinary hearing were unsupported, as the hearing officer did not determine the reliability of the confidential informant, and the alleged confidential informant testified that he never made any statement or gave any information regarding plaintiff allegedly charging for legal work.

1    After cross-motions for summary judgment (docs. #65 and #71) were filed, the court denied the
2  motions in their entirety. (Doc. #82). In the court's order, it held that plaintiff Downs had not
3  authenticated documents to support his motion for summary judgment. (Doc. #82 pg. 5).
4  In the present motion for reconsideration (doc. #83), plaintiff asserts that the court erred because the
5  "authentication requirements of Rule 56(e) are waivable."

6    "Reconsideration is appropriate if the district court (1) is presented with newly discovered
7  evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an
8  intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.
9  1993); *see* Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 60(b).

10 **Federal Rule of Civil Procedure 56(c)(2)**

11    Plaintiff asserts that the 2010 amendments to Federal Rule of Civil Procedure 56 relaxed the
12 authentication requirements, and that the court erred in denying the motion (doc. #71) for failure to
13 authenticate. Plaintiff is correct in his assertion that the 2010 amendments altered the rules regarding
14 summary judgment, but he is incorrect in stating that the amendments "relaxed" the authentication
15 requirement.

16    Pursuant to Federal Rule of Civil Procedure 56(c)(2), as amended in 2010, "[a] party may object
17 that the material cited to support or dispute a fact cannot be presented in a form that would be admissible
18 in evidence." The advisory committee notes state that "[t]he objection functions much as an objection
19 at trial," and that "[t]he burden is on the proponent to show that the material is admissible as presented
20 or to explain the admissible form that is anticipated."

21    Plaintiff interprets this language to mean that "materials cited to support asserted facts [in a
22 motion for summary judgment] need not be authenticated unless an objection is made pursuant to Rule
23 56(c)(2)." He asserts that since defendants did not object to the authenticity of the evidence, that the
24 court erred in denying the motion based on a failure to authenticate.

25    This reading of the amended rule is contrary to its plain language. Specifically, rule 56(c)(2)
26 states that a party "*may* object," but it does not require a party to object for fear of waiving the

requirement of authenticity. Fed. R. Civ. P. 56(c)(2) (emphasis added). Further, as the advisory committee asserts, the burden is on the proponent to provide authentic evidence and not on the responding party to object to its admissibility. Thus, as the amendment simply provides a means for the respondent to address inadmissible evidence in a motion for summary judgment, reconsideration is not appropriate on this ground.

**Affidavit of Michael Leonetti**

In addition to asserting that the rule 56(c)(2) requires an responding party to object to authentication, plaintiff provides the court with the affidavit of Michael Leonetti (doc. #83- Exhibit 5) to support the assertion that there was a lack of evidence against him and the information that was provided from an alleged "confidential informant" was fabricated. In opposition, defendants assert that there was "at least *some* evidence to indicate [p]laintiff's Down's guilt." (Emphasis supplied).

In Leonetti's affidavit, which is properly authenticated[1], he states that plaintiff Downs provided legal services to him while they were both incarcerated at Southern Desert Correctional Center in Indian Springs. Further, he states that "Jimmy Downs never charged or collected any fees or favors from [him] in exchange for his legal assistance," and that he *never* claimed, or *provided information* to anyone, at any time, alleging that Jimmy Down charged a fee for legal assistance to any inmate." *Id.* (Emphasis added)

With the inclusion of Leonetti's affidavit (doc. #83-Exhibit 5), the plaintiff has provided evidence supporting his assertion that the information was fabricated, yet it does not conclusively determine the issue. As the defendants have provided the court with contradictory testimony– that defendant Wickham deemed reliable information given by the confidential informant (Leonetti)–which demonstrates that genuine issues of material fact exist, summary judgment is not appropriate. Federal

---

[1] Under 28 U.S.C. § 1746, an un-notarized affidavit is permitted when it is dated and subscribed to by the declarant as true and under penalty of perjury. Here, Leonetti's affidavit is dated October 15, 2009, and is subscribed "under penalty of perjury, pursuant to the provisions of NRS 208.165, 28 U.S.C. § 1746 and 18 U.S.C. § 1621, as [he is] an incarcerated individual."

1 | Rule of Civil Procedure 56.
2 | Accordingly,
3 | IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Jimmy Earl Downs'
4 | motion for reconsideration (doc. #83) be, and the same hereby is, DENIED.
5 | Dated this 28th day of March, 2011.

_James C. Mahan_
UNITED STATES DISTRICT JUDGE