CATHERINE CORTEZ MASTO
Nevada Attorney General
DENISE S. BALBONI
Deputy Attorney General
Nevada State Bar No. 10507
Public Safety Division
Office of the Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, NV 89101
Telephone: (702) 486-3267
Fax: (702) 486-3773
Attorneys for Defendants

UNTED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JIMMY EARL DOWNS, | Case No. 2:07-cv-000116-JCM-LRL |
| Plaintiff, | |
| v. | **MOTION FOR EXTENSION OF TIME TO FILE JOINT PRETRIAL ORDER** |
| DAVID GRUSMAN, HAROLD WICKHAM, GLEN WHORTEN, AND THE STATE OF NEVADA, | **(FIRST REQUEST)** |
| Defendants. | |

Defendants DAVID GRUSMAN, HAROLD WICKHAM, GLEN WHORTON (erroneously sued as Glen Whorten), and THE STATE OF NEVADA (hereinafter "Defendants"), by and through legal counsel, CATHERINE CORTEZ MASTO, Nevada Attorney General, and DENISE S. BALBONI, Deputy Attorney General, hereby move for a 45-day extension of time in which to file the Joint Pre-Trial Order.

DATED this 5th day of April, 2011.

Respectfully submitted,

CATHERINE CORTEZ MASTO
Attorney General


By:   /s/ Denise S. Balboni
      DENISE S. BALBONI
      Deputy Attorney General
      Public Safety Division

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   Procedural History

Plaintiff commenced the instant action via a Civil Rights Complaint filed December 29, 2006, in the Eighth Judicial District Court. (Dkt. #1). Defendants removed the action on January 29, 2007. (Dkt. #1). On October 30, 2008, this Court executed a Scheduling Order which, among other things, set the deadline for the filing of a Joint Pre-Trial Order as five days after the denial of the parties' motions for summary judgment. (Dkt. #33). After a number of motions and stipulations between the parties to extend discovery, discovery ended on December 28, 2009. (Dkt. #51). On October 21, 2009, Plaintiff moved to amend his Complaint. (Dkt. #49). Plaintiff's proposed Amended Complaint included four additional defendants and five new causes of action. The Court granted Plaintiff's Motion on January 28, 2010. (Dkt. #60). Plaintiff has not effectuated service on any of the newly-named defendants.

Defendants filed a Motion to Dismiss or in the Alternative for Summary Judgment on March 9, 2010. (Dkt. #65). Plaintiff opposed and filed a Counter Motion for Summary Judgment. (Dkt. # 71). Defendants filed an opposition thereto (Dkt. # 78) and Plaintiff filed a reply in support. (Dkt. # 81). This Court issued an Order on January 27, 2011, denying both motions in full. (Dkt. #82). Plaintiff filed a Motion for Reconsideration on February 16, 2011, (Dkt. # 83) Defendants filed an opposition thereto (Dkt. #84), and Plaintiff filed a reply in support (Dkt. #85). This Court denied Plaintiff's Motion for Reconsideration in full on March 28, 2011 (Dkt. #86). According to the Scheduling Order dated October 30, 2008, **the parties' Joint Pre-Trial Order is currently due on April 4, 2011**.

## II.   Legal Argument

Fed. R. Civ. Proc. 6(b)(1) provides, in pertinent part:

> When by these rules or by notice given thereunder or by the order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order.

FED. R. CIV. P. 6(b)(1) allows a party to move for and the court to grant an enlargement of time. Judges have wide discretion in managing their dockets. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998); *see also* FED. R. CIV. P. 6(b) (advisory committee note, 1946) ("Rule 6(b) is a

rule of general application giving wide discretion to the court to enlarge these time limits or revive them after they have expired..."). Pursuant to LR 6-1, "A request [to extend time] made after the expiration of the specified period shall not be granted unless the moving party, attorney, or other person demonstrates that the failure to act was the result of excusable neglect."

Defendants request a 45-day extension of time in which to file the Joint Pretrial Order that was due yesterday, April 4, 2011. On Friday, April 1, Defendants' counsel spoke via telephone with Plaintiff and asked whether he would be willing to stipulate to this request since the deadline obligates him mutually. Declaration of Denise S. Balboni, Esq. attached hereto as **Exhibit A**. Plaintiff represented to Defendants' counsel that he felt a stipulation was unnecessary because he intended to request that discovery be re-opened to allow him to serve and seek discovery from the four defendants he named in his amended complaint (Dkt. # 49). **Exhibit A**. Plaintiff represented to Defendants' counsel that he would file his request on Monday, April 4, 2011, and that any stipulation regarding the Joint Pretrial Order deadline would be rendered moot and was therefore unnecessary. **Exhibit A**. Defendants' counsel accepts responsibility for her decision not to file this Motion despite Plaintiff's unwillingness to stipulate to the requested extension, however the above explanation is offered as an explanation of the excusable neglect that led to this late filing.

Defendants request the instant extension to permit them time to gather all the information necessary to provide the court with a comprehensive Joint Pretrial Order. Due to the very short window between the denial of Plaintiff's motion for reconsideration (Dkt. # 86) and the deadline for the Joint Pretrial Order, Defendants have not had an opportunity to prepare all the exhibits, witnesses, and other information in a

. . .

. . .

. . .

. . .

cohesive format necessary to a Joint Pretrial Order. Defendants respectfully request a 45-day extension to allow them to produce a high-quality Joint Pretrial Order.

DATED this 5th day of April, 2011.

Respectfully submitted,

CATHERINE CORTEZ MASTO
Attorney General

By: ___/s/ Denise S. Balboni___
DENISE S. BALBONI
Deputy Attorney General
Nevada State Bar No. 10507
Attorneys for Defendants

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: _____ 4-8-11 _____

## CERTIFICATE OF SERVICE

I, Kimie Beverly, hereby certify that I am an employee of the Office of the Attorney General and that on the 6th day of April, 2011, I served the foregoing **MOTION FOR EXTENSION OF TIME TO FILE JOINT PRETRIAL ORDER** (FIRST REQUEST) by causing a true and correct copy thereof to be filed with the Clerk of the Court using the CM/ECF system and by causing a true and correct copy thereof to be delivered to the Department of General Services, for mailing at Las Vegas, Nevada, addressed to the following:

JIMMY EARL DOWNS #63678
SOUTHERN DESERT CORRECTIONAL CENTER
PO BOX 208
INDIAN SPRINGS NV 89070

___/s/ Kimie Beverly___
An employee of the Office of the Attorney General

# EXHIBIT A

# EXHIBIT A

## DECLARATION OF DENISE BALBONI, ESQ. PURSUANT TO 28 U.S.C. § 1746

I, DENISE BALBONI, present this Declaration in support of Defendants' Motion for Extension of Time to File Joint Pre-Trial Order in the United States District Court for the District of Nevada Case Number 2:07-cv-000116-JCM-LRL, *Downs v. Grusman, et al.*; I have personal knowledge of and am competent to testify regarding the matters stated in this Declaration.

1. I am a Deputy Attorney General employed by the Nevada Office of the Attorney General. In my capacity as Deputy Attorney General, I represent Defendants David Grusman, Harold Wickham, and Glen Whorton in this action.

2. On Friday, April 1, I spoke via telephone with Plaintiff and asked whether he would be willing to stipulate to this request since the deadline obligates him mutually.

3. Plaintiff represented to me that he felt a stipulation was unnecessary because he intended to request that discovery be re-opened to allow him to serve and seek discovery from the four defendants he named in his amended complaint.

4. Plaintiff represented to me that he would file his request on Monday, April 4, 2011, and that any stipulation regarding the Joint Pretrial Order deadline would be rendered moot and was therefore unnecessary.

5. I offer this explanation to illustrate the excusable neglect that led Defendants to file the instant Motion after the expiration of the deadline sought to be extended.

6. Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury under that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Clark County, Nevada on April 5th 2011.

/s/ Denise Balboni
Denise Balboni