UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JIMMY EARL DOWNS, | ) | |
| Plaintiff, | ) | 2:07-cv-0116-JCM-LRL |
| vs. | ) | |
| DAVID GRUSMAN, *et al.*, | ) | **ORDER** |
| Defendants. | ) | |

Presently before the court is plaintiff Jimmy Earl Downs' motion to amend or make additional findings of fact. (Doc. #88). Defendants David Grusman, Harold Wickham, Glen Whorten, and the State of Nevada filed an opposition (doc. #90), and plaintiff filed a reply (doc. #91).

Also before the court is plaintiff's motion to stay joint pretrial order. (Doc. #95). Defendants filed a notice of non-opposition. (Doc. #97).

Plaintiff's amended complaint (doc. #49) stems from the alleged wrongful placement of plaintiff in administrative segregation while he was incarcerated at Southern Desert Correctional Center. Plaintiff was placed in segregation for allegedly doing legal work for hire without being designated as a law clerk. Plaintiff was found guilty after a hearing, yet the disciplinary conviction was later invalidated on appeal. In the complaint, plaintiff alleges that the findings from the disciplinary hearing were unsupported, as the hearing officer did not determine the reliability of the confidential informant, and the alleged

confidential informant testified that he never made any statement or gave any information regarding plaintiff allegedly charging for legal work.

After cross-motions for summary judgment (docs. #65 and #71) were filed, the court denied the motions in their entirety. (Doc. #82). Subsequently, plaintiff filed a motion for reconsideration (doc. #83), which the court denied in its entirety (doc. #86). Thereafter, plaintiff filed the present motion to amend or make additional findings of fact. (Doc. #88). Additionally, plaintiff filed a motion to file, screen and serve amended complaint, which is referred to the magistrate judge for ruling. (Doc. #94).

**Motion To Stay**

In the present motion to stay (doc. #95), plaintiff contends that the pretrial order should not be due until after the motion to file, screen and serve (doc. #94) has been dealt with. In that motion (doc. #94), the plaintiff asserts that his amended complaint– which added new claims and new parties– was never screened by the court as required by the Prison Litigation Reform Act and was never detached and formally filed. Further, he contends that the Attorney General's office never produced the addresses of the new defendants or accepted service for them.

These issues concern the court. Specifically, the court is concerned with the fact that four newly added defendants have not appeared in the case and have not joined in the motions the court has previously ruled upon. Additionally, the court is concerned that the screening process, which is in place as a filter for prisoners' complaints, never occurred. In the present motion to stay joint pretrial order (doc. #95) and the non-opposition thereto (doc. #97), all parties contend that the due date of the pretrial order is premature, as (1) it would not include the four new defendants added in the amended complaint, and (2) as remaining claims may be different depending on the outcome of the screening process.

This court agrees. Therefore, it is inclined to stay the due date of the pretrial order until after the magistrate judge rules upon the motion to file, screen and serve the amended complaint. (Doc. #94).

**Motion To Amend Or Make Additional Findings of Fact**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an

intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 59(e); *see also* Fed. R. Civ. P. 60(b).

In the court's order denying the motion for summary judgment (doc. #82), it held that certain documents presented by plaintiff were not properly authenticated. In plaintiff's motion (doc. #83) to reconsider the court's order (doc. #82), he argued that the documents were authenticated and that defendants "waived" the authentication requirement because they did not object to the exhibits. The court denied plaintiff's motion (doc. #86), and held that the defendants did not waive the authentication requirement. Further, even with the addition of new evidence from the plaintiff, summary judgment was not appropriate.

Plaintiff now moves the court to "amend or make additional findings of fact" as to the court's order. (Doc. #88). Essentially, plaintiff argues again that the exhibits in support of his motion for summary judgment are properly authenticated. *Id.* Further, he contends that the court is mistaken in its assertion that it has been "provided with contradictory testimony." *Id.*

As the motions for summary judgment were based upon the allegations in the amended complaint– which was not properly screened– the court is not inclined to reconsider ruling on the motion to reconsider the court's original order. Once the complaint is properly screened, the remaining claims may be different. At that time, the parties will be able to file motions to dismiss or motions for summary judgment relating to the remaining claims. To reconsider an order relating to claims that may be dismissed in the screening process would be futile. Thus, the court is not inclined to do so.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED plaintiff Jimmy Earl Downs' motion to stay joint pretrial order (doc. #95) be, and the same hereby is, GRANTED. The due date for the pretrial order is hereby STAYED.

. . .

. . .

. . .

IT IS FURTHER ORDERED that plaintiff Jimmy Earl Downs' motion to amend or make additional findings of fact (doc. #88) be, and the same hereby is DENIED.

Dated this 17th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE