1  CATHERINE CORTEZ MASTO
   Attorney General
2  ROBERT SIMON
   Deputy Attorney General
3  Nevada Bar No. 9188
   Bureau of Litigation
4  555 East Washington Avenue, Suite 3900
   Las Vegas, Nevada 89101
5  Tel: 702-486-2625
6  Fax: 702-486-3773

7  *Attorneys for Defendants
   Grusman, Skolnik, Wickham,*
8  *and the State of Nevada.*

9

10                      **UNITED STATES DISTRICT COURT**

11                            **DISTRICT OF NEVADA**

12  JIMMY EARL DOWNS,                        )
13                                           )
                              Plaintiff,     )    Case No.  2:07-cv-00116-JCM-VCF
14                                           )
                                             )
15  v.                                       )
                                             )    **STIPULATION AND ORDER TO**
16  DAVID GRUSMAN, *et. al.*,                )    **DISMISS WITH PREJUDICE**
                                             )
17  _____Defendants.     )

18      Plaintiff Jimmy Earl Downs, *pro se*, and Defendants, by and through their counsel,

19  Catherine Cortez Masto, Attorney General of the State of Nevada, and Robert Simon, Deputy

20  Attorney General, hereby stipulate and agree, pursuant to Fed. R. Civ. P. 41 (a)(2), that all

21  proceedings in the above-captioned matter be DISMISSED WITH PREJUDICE upon Order of

22  the Court, with both parties to bear their own fees and costs.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                                             1

The stipulation for dismissal was agreed upon as part of a settlement between the parties, a copy of which is attached hereto.

Dated: November 15, 2012.

By: _____
JIMMY EARL DOWNS
Plaintiff, *pro se*

Dated: November 26, 2012.

CATHERINE CORTEZ MASTO
Attorney General

By: _____
ROBERT SIMON
Deputy Attorney General
Bureau of Litigation

*Attorneys for Defendants*

The parties having stipulated and for good cause shown:

IT IS SO ORDERED that this matter be dismissed with prejudice and for each party to bear their own fees and costs.

_____
JUDGE, UNITED STATES DISTRICT COURT

November 27, 2012
DATED: _____

2

## COMPROMISE AGREEMENT AND RELEASE

Plaintiff Jimmy Earl Downs ("Plaintiff") and the Defendants Cheryl Burson, David Grusman, Howard Skolnik, Harold Wickham, Brian Williams, the Nevada Department of Corrections, the State of Nevada, and any and all other individuals or entities named in Plaintiff's underlying lawsuits pending in the United States District Court, District of Nevada case numbers 2:07-cv-00116-JCM-VCF and 2:12-cv-00326-GMN-GWF (hereinafter "Defendants") on behalf of themselves and all representatives, employees, employers, agents, attorneys, affiliates, successors, heirs, and assigns, in consideration of the promises made herein, agree as follows:

### Nature and Effect of Agreement

1.      This agreement consists of a compromise and settlement by the parties of their claims against the other party, and a release given by each party to the other relinquishing all claims against the other.  By executing this agreement, each of the parties intends to and does hereby extinguish the obligations heretofore existing between them. This agreement is not, and shall not be treated as, an admission of liability by any party for any purpose. This agreement is entered into in good faith, in accordance with NRS 17.245 *et seq.*

2.      The scope of this agreement covers all events and disputes described herein and those events or occurrences complained of in the legal actions described in paragraphs 5-7 of this agreement.

3.      The parties agree and acknowledge this agreement is enforceable in any prior, on-going, or future administrative hearing, inmate request ("kites"), or grievance (formal or informal) arising from or related to the actions described in paragraphs 5-7 of this agreement.

4.      The parties acknowledge that this agreement is a complete compromise of all matters involving disputed issues of law and fact relating to the actions described in paragraphs 5-7 of this agreement and the parties assume the risk that the facts or law may be otherwise than they believe when entering into this agreement. Plaintiff is

-1-

1   further prevented from arguing or asserting this agreement is an admission of fault,

2   liability, or guilt as to any of the claims set forth in paragraphs 5-7.

3                               Nature and Status of Dispute

4          5.     On January 18, 2007, Plaintiff filed his *Civil Rights Complaint* in the Eighth

5   Judicial District Court, State of Nevada, entitled *Downs v. Grusman, et. al.,* case

6   number A 533747 which was later removed to the United States District Court, District

7   of Nevada and given the case number 2:07-cv-00116-JCM-VCF. All papers, pleadings,

8   and orders from this action are hereby incorporated herein as though set forth in full at

9   this point.

10         6.     On January 10, 2012, Plaintiff filed his *Civil Rights Complaint* in the Eighth

11  Judicial District Court, State of Nevada, entitled *Downs v. Leffner, et. al.,* case number

12  A-12-654462-C which was later removed to the United States District Court, District of

13  Nevada and given the case number 2:12-cv-00326-GMN-GWF. All papers, pleadings,

14  and orders from this action are hereby incorporated herein as though set forth in full at

15  this point.

16         7.     These lawsuits allege various purported violations of Plaintiff's

17  constitutional rights and/or federal laws relating to his incarceration. Defendants have

18  appeared in various ways in both of these actions and have opposed, denied, and/or

19  challenged Plaintiff's allegations in both of these lawsuits.

20                               Resolution of Dispute

21         8.     Plaintiff will sign and deliver to Defendants' counsel signed Stipulations

22  and Orders for Dismissal with Prejudice for each of the legal actions identified in

23  paragraphs 5-6 as set forth above.

24         9.     Defendants agree to pay a total of THREE HUNDRED AND FIFTY

25  DOLLARS ($350.00) to Plaintiff in the form of a check made payable to Plaintiff within

26  two (2) weeks of the receipt of the signed Stipulations and Orders for Dismissal with

27  Prejudice for the lawsuits identified in paragraphs 5-6 as set forth above.

28  ///

-2-

## Mutual Compromise Agreement

1

2    10.    Each party, in consideration of the promises and concessions made by the
3 other, hereby compromises and settles any and all past, present, or future claims,
4 demands, obligations, or causes of action, whether based on tort, contract, or other
5 theories of recovery, known or unknown, which that party has or which may later accrue
6 to or be acquired by that party against each other party and each other party's personal
7 representatives, employees, agents, attorneys, predecessors and successors in
8 interest, heirs, shareholders and assigns, arising from or in any manner related to the
9 subject matter of the disputes described in paragraphs 5-7 of this agreement.

10    ## Mutual General Release

11    11.    Each of the parties on behalf of itself, its personal representatives,
12 employees, agents, descendents, ancestors, dependants, heirs, affiliates, shareholders,
13 successors, executors, attorneys, administrators, spouses, and assigns, hereby fully
14 releases and discharges each other party and that party's personal representatives,
15 employees, agents, descendants, ancestors, dependants, heirs, affiliates, shareholders,
16 successors, executors, attorneys, administrators, spouses, and assigns, from all rights,
17 claims, and actions which each party and the above-mentioned successors now have
18 against each other party and the above-mentioned successors, stemming from their
19 differences arising from or in any manner related to the subjects of the disputes
20 described in paragraphs 5-7.

21    ## Unknown Claims

22    12.    Each party on behalf of itself and the above-named successors, agents,
23 attorneys, and assigns acknowledges and agrees that the release given to each party
24 upon executing this agreement applies to all claims for injuries, damages, or losses to
25 each party's own person and property, real or personal, whether those injuries,
26 damages, or losses are known or unknown, foreseen or unforeseen, patent or latent,
27 which each party may have against each other party. Each party further understands
28 and acknowledges that the significance and consequence of this waiver is that even if

-3-

1  that party or that party's personal representatives, employees, agents, descendants,

2  ancestors, dependants, heirs, affiliates, successors, executors, attorneys,

3  administrators, spouses, and assigns should eventually wish to bring additional claims,

4  or suffer additional liability or damages arising out of the matter referred to in

5  paragraphs 5-7 of this agreement, no party will be able to make any claims or pursue

6  any liability or damages that may exist as of the date of this release but which the party

7  does not know exist, and which, if known, would materially affect that party's decision to

8  execute this release, whether such decision is the result of ignorance, oversight, error,

9  negligence, or any other cause.

10                          No Warranties or Representations

11          13.    The undersigned warrant that no promise or inducement has been offered

12  except as herein set forth; that this release is executed without reliance upon any

13  statement or representation of the person or parties released or their representatives

14  concerning the nature and extent of the damages and/or the nature and extent of the

15  legal liability therefore and/or the nature and extent of liability insurance available with

16  respect thereto.

17                          No Assignments of Rights

18          14.    The parties represent that they have not heretofore assigned or

19  transferred, or purported to assign or transfer, to any person or entity, any claim or any

20  portion thereof, or interest therein, and agree to indemnify, defend, and hold one

21  another or any related person or entity of the parties, as described above, harmless

22  from and against any and all claims, based on or arising out of any such assignment or

23  transfer, or purported assignment or transfer, of any claims or any portion thereof or

24  interest therein.

25  ///

26  ///

27  ///

28  ///

-4-

## Advice of Attorney

15.     Each party warrants and represents that in executing this agreement, each party has had the opportunity to consult an attorney and that each party fully understands the terms of this agreement. Each party further acknowledges and represents that, in executing this release, each party has not relied on any inducements, promises, or representations made by the other party or its attorney that are not expressly set forth in this agreement.

## Conditions of Execution

16.     Each party acknowledges and warrants that each party's execution of this release is free and voluntary, that the undersigned is of legal age, legally competent to execute this Release, and executes this Release after careful deliberation and consideration.

## Execution of Other Documents

17.     Each party to this agreement shall cooperate fully in the execution of any and all documents and in the completion of any additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this agreement.

## Attorneys' Fees

18.     Except as otherwise provided above, each party to this agreement shall bear all attorneys' fees and costs arising from that party's own counsel in connection with the dispute set forth in paragraphs 5-7 the matters referred to herein, and all related matters.

If any party is required to employ an attorney to enforce the provisions of this agreement, the party may recover its reasonable attorneys fees incurred to enforce the provisions of this agreement. This paragraph shall be applicable to this entire agreement.

///

///

-5-

<u>Res Judicata or Collateral Estoppel</u>

19.     If a dispute or controversy, arising from or relating to this Agreement, subsequently arises between the parties, or their agents, principals, or assigns, including a dispute over whether a subsequent, independent lawsuit reasserts claims now settled by this agreement and whether such reasserted claims should be barred by the doctrines of *res judicata* or *collateral estoppel*, and such a controversy requires resolution by means of arbitration, court adjudication, court hearing, or trial, the prevailing party of any such dispute shall be entitled to recover, as a matter of right, its reasonable attorneys' fees and/or costs expended in resolving such matters.

<u>Entire Agreement</u>

20.     This agreement contains the entire agreement between the parties.

<u>Effective Date</u>

21.     This agreement shall become effective immediately upon execution by the parties, supersedes any previous agreements or understandings, and may not be modified except in writing signed by all parties.

<u>Governing Law</u>

22.     This agreement is entered into in Nevada and shall be construed and interpreted in accordance with federal laws, rules of procedure, and common law in the Ninth Circuit, except where state law controls or governs this Agreement, or any portion thereof.  Where state law is to be applied, this Agreement, or the relevant portions thereof, shall be construed, interpreted, and enforced in accordance with the laws, rules of procedure, and/or common law of the State of Nevada.

Dated: November 15, 2012.          By: _____
                                        JIMMY EARL DOWNS
                                        Plaintiff, *pro se*

Dated: November 26, 2012.          On Behalf of Defendants

                                   By: _____

-6-